UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DEXTER YOUNG, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-CV-00023-JRG-CRW |
| | ) | |
| TONY PARKER, MICHAEL PARRIS, | ) | |
| and EDMOND LANE, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

The Court is in receipt of a Tennessee Department of Correction ("TDOC") prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 1], and his motion for leave to proceed *in forma pauperis* in this action [Doc. 4]. The Court will address Plaintiff's motion prior to screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.

**I.  MOTION TO PROCEED *IN FORMA PAUPERIS***

A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**.

Because Plaintiff is an inmate in the Morgan County Correctional Complex, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the

custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy and the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING

### A. PLAINTIFF'S ALLEGATIONS

On February 20, 2020, while housed at the Morgan County Correctional Complex ("MCCX"), Plaintiff tested positive for the Hepatitis C virus ("HCV") [Doc. 1 at 3-4]. On March 3, 2020, Dr. Edmond Lane, a treating physician at MCCX, advised Plaintiff that his fibrosis score was .21, which Plaintiff contends is the end of the "normal" liver function range [*Id*. at 4]. Plaintiff then requested to be placed on a twelve-week treatment regimen with direct acting antiviral drugs [*Id*. at 4]. Plaintiff's treatment was not started by September 11, 2020, and Plaintiff filed a grievance about the lack of treatment [*Id*.]. Plaintiff was informed that the TACHH[1] Committee, not on-site medical providers, determines who gets antiviral HCV treatment [*Id*.]. Plaintiff filed a

---

[1] "The cornerstone of TDOC's HCV policy and the 2019 HCV Guidance is the TDOC Advisory Committee on HIV and Viral Hepatitis Prevention and Treatment ('TACHH'). This special committee makes DAA treatment determinations for HCV inmates based upon their medical records." *Atkins v. Parker*, 412 F. Supp. 3d 761, 771 (M.D. Tenn. 2019), *aff'd*, 972 F.3d 734 (6th Cir. 2020).

second grievance on November 6, 2020 and was informed that he "could not grieve a medical diagnosis, a medical co-pay, or any agency outside the Tennessee Department of Corrections" [*Id.*].

Plaintiff filed the instant suit on or about December 22, 2020, asking the Court to require TDOC to provide him with antiviral medication for HCV and to award him $1,000,000 for every increase in his fibrosis score due to the lack of antiviral treatment [*Id.* at 5].

### B.  SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however.  *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations of the

3

elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### C. ANALYSIS

#### 1. Defendants

Plaintiff has named TDOC Commissioner, Tony Parker, MCCX warden, Michael Parris, and MCCX physician, Dr. Edmond Lane, as Defendants in this action. However, Plaintiff maintains that the decision whether to provide HCV inmates with antiviral treatment rests with the TACHH committee, and he has not alleged that any of these Defendants is responsible for, or a member of, that committee. Therefore, Plaintiff has not stated a claim against any of these Defendants. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Additionally, Plaintiff cannot seek to hold Defendants Parker or Parris liable based on their respective positions of authority, as § 1983 liability cannot be based on a theory of *respondeat superior* liability. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding § 1983 liability must be based on more than "right to control employees").

The Court also notes that Plaintiff's suit against Defendants in their official capacities as employees of MCCX is the equivalent of a suit against TDOC. *See Kentucky v. Graham*, 473 U.S.

4

159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992). This is so because in an action against a state officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993).

However, neither a State nor an arm of its government is a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). TDOC is an arm of the State of Tennessee. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State" and is not a person within the meaning of § 1983) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983")).

Further, the Eleventh Amendment prohibits suits against a state or its agencies in federal court for damages, unless Congress has abrogated its immunity, or the state has expressly waived it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 320-45 (1979). This immunity extends to claims for injunctive and equitable relief. *See Lawson v. Shelby Cnty.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief."). Accordingly, the TDOC employees sued in their official capacities are protected from suit by the Eleventh Amendment. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988).

The Court finds that Plaintiff has not named a viable Defendant in this action, and all Defendants will be **DISMISSED**.

### 2. Treatment

Although not necessary to the Court's conclusion due to Plaintiff's failure to name a viable Defendant, the Court nonetheless finds that Plaintiff has failed to state a constitutional claim regarding the denial of medical care. It is well settled that the Constitution does not guarantee a prisoner "unqualified access to healthcare." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). However, the denial of constitutionally adequate medical care violates the Eighth Amendment's prohibition against cruel and unusual punishment, which proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). An Eighth Amendment claim for the denial of adequate medical treatment is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). Negligence is insufficient to establish liability; deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839-40). Therefore, to establish an official's liability, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Where medical treatment has been provided, a prisoner's disagreement with the adequacy of care given does not implicate the Constitution. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1996). This is because "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Id.* (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Rather, to state a constitutional claim, such a prisoner must show that his treatment was "so woefully inadequate as to amount to no treatment

at all." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001); *see also Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843-44 (6th Cir. 2002).

Here, Plaintiff has undergone testing to determine whether he should be treated with medication, his lab work has been referred to and reviewed by the TACHH committee, and Plaintiff concedes that his fibrosis score does not indicate that he has liver damage [*See, generally*, Doc. 1].[2] Under these facts, Plaintiff has not demonstrated that failing to treat his HCV with antiviral drugs is akin to criminal recklessness. Therefore, Plaintiff has failed to state a cognizable constitutional claim, and this action will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

The Court will enter an order consistent with this opinion.

---

[2] The Court notes that Plaintiff's stated fibrosis score — that of .21 — is interpreted as "no fibrosis," indicating that no liver scarring has occurred. *See* Mayo Clinic Laboratories, "Test ID: Fibro," https://www.mayocliniclabs.com/test-catalog/Clinical+and+Interpretive/38292 (last visited February 9, 2021).

ENTER:

                                            s/J. RONNIE GREER
                                  UNITED STATES DISTRICT JUDGE